**Entered on Docket
March 31, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DOMINIC and COREENE KAVANAUGH,  No. 09-13560

                           Debtor(s).
_____/

CHASE BANK USA,

                           Plaintiff(s),

                    v.  A.P. No. 10-1006

COREENE KAVANAUGH,

                           Defendant(s).
_____/

Memorandum on Motion for Attorneys Fees
_____

      On January 29, 2010, plaintiff Chase Bank filed an adversary proceeding against Chapter 7 debtor and defendant Coreene Kavanugh for nondischargeability under 11 USC 523(a)(14A). Chase alleged that the defendant's use of a Chase Bank convenience check in April 2009 to pay $4,177 in secured real property taxes to the County of Sonoma Tax Assessor on her house and personal residence was a debt "incurred to pay a tax to governmental unit, other than the United States, that would be nondischargeble under paragraph (1)".

      Defendant's counsel researched the law and found that the identical legal issue had been recently addressed in a bankruptcy court decision out of the Eastern District of Virginia (In Re Nguyen (E.D. VA 2010) 2010 WL 56075) in which the court denied Plaintiff American Express's application

1

for an uncontested default judgment against a pro se debtor under what appeared to be the same facts. Defendant's counsel sent Chase's counsel an email, attaching the entire Nguyen decision, requesting that Chase dismiss its lawsuit from the plain reading of the applicable statute itself and for the reasons stated in the recent Nguyen opinion.

Chase's local counsel responded by citing numerous Circuit cases and stating Chase was confident in its position. Chase's out of state counsel also responded, stating they were aware of the recent Nguyen decision (as it was their firm which had actually handled and lost their unopposed default judgment application in the Nguyen case,) but that they disagreed with the Nguyen court's analysis. Counsel further advised that Chase would not dismiss its case. However, counsel offered to settle the underlying debt for $3,500 cash or 10 monthly payments of $410 each.

On February 23, 2010, Defendant filed a motion to dismiss. Later that day, Chase's counsel called Defendant's counsel offering to dismiss the complaint provided that Defendant waive any claim for attorneys' fees incurred for defending the action. Defendant responded the following day, stating she would not waive her costs but offering to accept $1,000 for attorneys' fees. Chase's counsel did not reply, but a few hours later dismissed the complaint pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7041 of the Federal Rules of Bankruptcy Procedure. Defendant then filed the instant motion to recover her attorneys' fees.

A plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A) does not bestow "prevailing party" status upon a defendant. In order for a defendant to be said to have "prevailed" as the result of a Rule 41 dismissal, the dismissal must have "sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.' " *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). A plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A), however, does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action. See *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th

2

Cir.1987) ("Because the . . . dismissal is without prejudice ... it is not the practical equivalent of a victory for defendant on the merits."). A plaintiff's voluntary dismissal under Rule 41(a)(1) is not "judicially sanctioned" because it does not require a court order, nor does the court have the power or discretion to place any conditions on it. *RFR Industries, Inc. v. Century Steps, Inc.,* 477 F.3d 1348, 1353 (Fed.Cir.,2007). Thus, Defendant cannot be awarded attorneys' fees under any statute or agreement which requires a prevailing party.[1]

Defendant is correct that attorneys' fees can be awarded under § 523(d) of the Bankruptcy Code without formally being a prevailing party, as that section only requires that a complaint be brought and the debt discharged. However, § 523(d) only applies to actions brought under § 523(a)(2). This action was brought under § 523(a)(14A).

The only remaining grounds for an award of attorneys' fees would be under Rule 9011 of the Federal Rules of Bankruptcy Procedure, as fees can be awarded as sanctions under that rule notwithstanding dismissal under Rule 41(a)(1)(A). *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). However, the court sees no basis for such sanctions. Failure to follow an unpublished decision having no binding precedential value is not grounds for Rule 11 sanctions. While the court does not necessarily agree with Chase's position, it appears sound enough to justify litigation without fear of sanction.

For the foregoing reasons, Defendant's motion for attorneys' fees will be denied. Counsel for Chase shall submit an appropriate form of order.

Dated: March 31, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Defendant could have avoided this result by filing an answer along with her motion to dismiss, thereby removing Chase's right to automatic dismissal under Rule 41(a)(1)(A). Having failed to do so, she cannot complain that Chase has decided to punt.

3